FIRST NAT. BANK OF SANTA MONICA v. KOWALSKY
et al.

No. 19,049; January 21, 1893.

31 Pac. 1133.

Appeal—Presumption.—Where an Appeal is Taken from a
judgment which recites that the motion for judgment was made on
affidavit, and the record does not contain the affidavit, the supreme
court will presume that it stated facts necessary to justify the judg-
ment.

Appeal.—Where an Appeal Bond is Signed by One Ball as
surety, but by a clerical error the judgment is against Bell, and the
record shows the error and contains the data necessary to correct it,
the error should be corrected by the trial court on motion of any
party to the judgment.

APPEAL from Superior Court, Los Angeles County;
Lucien Shaw, Judge.

Action by the First National Bank of Santa Monica against
H. I. Kowalsky. There was a judgment for plaintiff, and
defendant appealed. An undertaking was filed signed by
E. H. Kowalsky and A. Everett Ball as sureties, and from a
judgment against them, they appeal. Corrected and affirmed.

T. J. Crowley for appellants; R. R. Tanner for respondent.

VANCLIEF, C.—On January 26, 1891, the plaintiff ob-
tained a judgment in the superior court of Los Angeles county
against the defendant H. I. Kowalsky for the sum of
$1,284.70, from which he appealed to the supreme court, and
to perfect the appeal, and to stay execution of the judgment,
filed with the clerk of the superior court an undertaking in
the sum of $3,300, signed by appellants E. H. Kowalsky and
A. Everett Ball as sureties. The undertaking expressed the
conditions prescribed by sections 941 and 942 of the Code of
Civil Procedure; among them the condition that, if the sure-
ties did not pay according to the undertaking within thirty
days after the filing of the remittitur from the supreme court
in the superior court, "judgment might be entered on motion
of plaintiff and respondent in plaintiff and respondent's favor

against the said E. H. Kowalsky and A. Everatt Bell, the sureties aforesaid, for such amount, together with the interest that may be due thereon, and the damages and costs that might be awarded against the defendant and appellant upon the said appeal." On October 12, 1891, the supreme court dismissed the appeal, and the remittitur was filed in the superior court on November 13, 1891. On January 13, 1892, plaintiff's attorney moved the superior court for judgment against the sureties on said undertaking for the amount of the judgment against H. I. Kowalsky, and judgment was accordingly rendered against E. H. Kowalsky and A. Everett Bell. The judgment thus rendered recited that "this matter came up regularly to be heard on the motion of attorney for plaintiff, the affidavit of E. J. Vawter, the judgment-roll in this case, the remittitur of the supreme court filed herein, the notice and undertaking on appeal on file herein, together with all the records and files in this case; and, it satisfactorily appearing to me" (here follows a recital of all the other facts above stated). No copy of the affidavit of Vawter appears in the transcript, and the omission of it is not accounted for. The sureties, E. H. Kowalsky and A. E. Ball, bring this appeal from the judgment against them upon the judgment-roll in the original cause, and the judgment against them, with its recitals as above stated.

1. Appellants contend that, "before a judgment can be rendered against the sureties on an appeal bond, it is necessary that an affidavit or petition (which fills the place of a complaint in actions generally) should be presented to the court and filed"; and that "there is nothing in the record here to show that the conditions of the obligations had not been fulfilled." Conceding, without deciding, that an affidavit or petition was necessary, the judgment recites that the motion for judgment was made upon the affidavit of Vawter (who may have been an officer of the corporation plaintiff). In the absence of that affidavit it must be presumed that it stated all the facts not shown by the other papers and records, upon which the motion appears to have been made, necessary to justify the judgment. Nothing is better settled than that the burden of showing error is upon appellant. The transcript does not purport to contain all the documents or papers upon which the motion was heard. The clerk does not so cer-

tify, but only that the documents and papers composing it are full and true copies of originals on file.

2. Appellants make the further point that "the judgment here is not against the sureties, but only against the surety E. H. Kowalsky"; but that "the record shows that the undertaking was given by E. H. Kowalsky and A. Everett Ball," while "the judgment is against Kowalsky and Bell." It is true that the record shows that the undertaking was given by Kowalsky and Ball, and that, by a clerical error in spelling, the judgment is against Kowalsky and Bell; but since the record shows the error, and contains all the means and data necessary to correct it, the error might and should have been corrected by the court below, on motion of any party to the judgment: Newton v. Hull, 90 Cal. 495, 27 Pac. 429. I think the cause should be remanded, with direction to the court below to correct the error in the judgment by substituting therein the name of A. Everett Ball for the name of A. Everett Bell, and also for the name A. Everatt Bell, and that as corrected the judgment be affirmed; and also that appellants pay the costs of appeal.

We concur: Belcher, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the cause is remanded, with directions to the court below to correct the error in the judgment by substituting therein the name A. Everett Ball for the name A. Everett Bell and also for the name A. Everatt Bell, and that as corrected the judgment is affirmed; and also that appellants pay the costs of appeal.